IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| JOSEPHINE BUNCH, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| CAROLYN W. COLVIN, Acting | *   No. 2:14CV00009-JJV |
| Commissioner, Social Security | * |
| Administration | * |
| | * |
| Defendants. | * |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Christina Bunch, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"). For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.    BACKGROUND**

On December 27, 2010, Ms. Bunch protectively filed for SSI benefits due to diabetes, vision problems, carpal tunnel, asthma, gout, obesity, and arthritis. (Tr. 160)  Ms. Bunch's claims were denied initially and upon reconsideration.  At Ms. Bunch's request, an Administrative Law Judge ("ALJ") held a hearing on October 2, 2012, where Ms. Bunch appeared with her lawyer. (Tr. 19) At the hearing, the ALJ heard testimony from Ms. Bunch and a vocational expert ("VE"). (Tr. 18-66)

The ALJ issued a decision on November 26, 2012, finding that Ms. Bunch was not disabled under the Act. (Tr. 8-14)  The Appeals Council denied Ms. Bunch's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Ms. Bunch, who was fifty-four years old at the time of the hearing, has a high school

education. (Tr. 44) She has past relevant work as a home-based education worker and VISTA worker. (Tr. 23)

## II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Bunch had not engaged in substantial gainful activity since December 27, 2010, and she had the following severe impairments: morbid obesity and diabetes mellitus with peripheral neuropathy. (Tr. 10) However, the ALJ found that Ms. Bunch did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 13)

According to the ALJ, Ms. Bunch has the residual functional capacity ("RFC") to perform light work. She can frequently lift and carry ten pounds but can only occasionally lift and carry twenty pounds. Additionally, she can only occasionally perform rapid, repetitious flexion and extension of the wrists, climb ramps, climb stairs, balance, kneel, and crawl. Ms. Bunch can frequently stoop and crouch, but cannot climb ladders, ropes or scaffolds, or perform overhead reaching with her right upper extremity. She should avoid even moderate exposure to fumes, odors, dust, gases, and poor ventilation and other work place hazards like unprotected heights and dangerous moving machinery. (Tr. 10-11) Based on this RFC, the VE testified that she could perform her past relevant work as a home-based educator and VISTA worker. (Tr. 23) Accordingly, the ALJ determined that Ms. Bunch could perform a significant number of jobs existing in the

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

[2] 420 C.F.R. §§ 416.920(d), 416.925, and 416.926.

national economy, and found that Ms. Bunch was not disabled.

## III.   ANALYSIS

### A.   Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion."[5]

### B.   Ms. Bunch's Arguments for Reversal

Ms. Bunch asserts that the Commissioner's decision should be reversed because it is not support by substantial evidence. Specifically, Ms. Bunch contends that the ALJ (1) failed to assess listing 1.02 for carpal tunnel syndrome; (2) erroneously gave more weight to a non-examining physician than treating physician; (3) failed to assess her limitations as a whole; and (4) provided an insufficient hypothetical to the VE. (Doc. No. 12)

#### 1.   Carpal Tunnel Syndrome

Ms. Bunch contends that the ALJ erred by not finding that her carpal tunnel met listing 1.02. In support, she lists all of the records related to her carpal tunnel syndrome and left shoulder pain. (Doc. No. 12)

---

[3] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4] *Id.* (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5] *Id.* (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

Listing 1.02, Subsection B requires, in addition to "a gross anatomical deformity," (and I am not sure there is evidence of that here) that a claimant be unable to "perform fine and gross movements effectively" in "one major peripheral joint in each upper extremity (*i.e.*, shoulder, elbow, or wrist-hand)."[6]  Examples of the limitations are the inability to "prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level."[7]  First, nothing in the medical evidence supports a finding that Ms. Bunch's carpal tunnel syndrome rises to the level set out in the listing.  For example, a 2011 x-ray revealed only "mild narrowing of the radiocarpal joint" in the right hand and a normal left hand. (Tr. 325)  Second, her activities of daily living are beyond those in the listing.  For example, she is able to take care of all her personal needs, prepare meals, do laundry, sweep floors, and use a computer keyboard for thirty minutes without issue. (Tr. 29, 190, 191)

      2.     Weight Given to Treating Physician

Ms. Bunch argues that the ALJ gave improper "weight [to] the medical opinions of treating physicians Drs. Ferguson and Wever in formulating the RFC." (Doc. No. 16)  This argument is without merit, as I find no medical records, nor has Ms. Bunch cited any, from either a Dr. Ferguson or Dr. Wever.  If Ms. Bunch is referring to Dr. Webber, he was not a treating physician, but a state examiner who performed a physical exam. (Tr. 328-332)  Furthermore, although Dr. Webber diagnosed Ms. Bunch with carpal tunnel syndrome, he noted full range of motion in her extremities and 100% grip in both hands, but some muscle weakness. (Tr. 330-330)  The ALJ's RFC properly considered these limitations.

---

[6] 20 C.F.R. Pt. 404, Subpt. P, App. 1.

[7] *Id.*

3. Limitations as a Whole

Without reference to relevant portions of the record, Ms. Bunch contends the ALJ improperly assessed her credibility and that she "cannot perform light work with her restrictions." (Doc. No. 12)

From 2009 to 2012, Ms. Bunch repeatedly saw her primary care doctor, but it was for prescription refills and blood pressure checks. (Tr. 248, 269, 271, 273, 291, 311-320, 372-380) There were no complaints of pain at these visits. The exceptions are a visit in January 2009 (hand pain), December 2009 (shoulder pain), February 2010 (dizzy spells but no pain), May 2010 (shoulder pain), and an ER visit in February 2012 (shoulder pain). (Tr. 246, 282, 284-285, 321, 361) However, there does not appear to be consistent follow-up to these complaints of pain[8] and no doctor has recommended anything more than conservative, routine treatment.[9] In fact, Ms. Bunch is taking only prescription Naproxen for her pain.

Ms. Bunch has been advised repeatedly to lose weight, but has remained over 300 pounds for several years. (Tr. 242, 285, 321, 342) At the hearing, Ms. Bunch testified that she still weighed 313 lbs, which is about what she weighed in 2009 and 2010. (Tr. 27) Ms. Bunch's failure to follow a course of prescribed treatment can weigh against the credibility of her claims.[10]

---

[8]*Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

[9]*Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (finding that an ALJ may rely on the fact that a claimant has undergone only conservative treatment when evaluating the severity of the impairments).

[10]*Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

The ALJ also properly considered Ms. Bunch's activities of daily living.[11]  She is able to take care of all her personal needs, prepare meals, do laundry, shop, and sweep floors.  (Tr. 29, 190, 191)

    4.    Hypothetical to the VE

Again, Ms. Bunch makes only a cursory argument that the ALJ's hypothetical failed to address her limitations.  (Doc. No. 12)  Contrary to Ms. Bunch's Complaint, the ALJ's hypothetical properly considered all of the impairments supported by the medical evidence.[12]

## IV.    CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, the Commissioner's decision is affirmed and the Complaint is dismissed with prejudice.

IT IS SO ORDERED this 10th day of September, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[11] *Clark v. Chater*, 75 F.3d 414, 417 (8th Cir. 1996) (An ALJ weighs the credibility of a claimant's subjective complaints of pain by considering multiple factors, including daily activities, and may discredit complaints if they are "inconsistent with the evidence as a whole.").

[12] *Howe v. Astrue*, 499 F.3d 835, 842 (8th Cir. 2007) (holding that a hypothetical "need only include impairments that are supported by the record and that the ALJ accepts as valid").